**Rule 240.  Detention of Juvenile**

A. **Detention requirements.**  If a juvenile is brought before the court or delivered to a detention facility designated by the court, the juvenile probation officer immediately shall:

   1) examine the written allegation;

   2) make an investigation, which may include an intake conference with the juvenile, the juvenile's attorney, guardian, or other interested and informed adult; and

   3) release the juvenile, unless it appears that the juvenile's detention is warranted.

B. **Filing of petition.**  The release of the juvenile shall not prevent the subsequent filing of a petition.

C. **Prompt hearing.**  If the juvenile is not released, a detention hearing shall be held no later than seventy-two hours after the juvenile is placed in detention.  **Neither the juvenile nor the juvenile's attorney shall be permitted to waive the detention hearing.**

D. **Time restrictions.**  Except as provided in paragraphs (D)(1) and (D)(2), if the adjudicatory hearing is not held or notice of request for transfer is not submitted within the ten-day period as specified in Rules 391 and 404, the juvenile shall be released.

   1) A juvenile may be detained for an additional single period not to exceed ten days when the court determines that:

      a) evidence material to the case is unavailable;

      b) due diligence to obtain such evidence has been exercised;

      c) there are reasonable grounds to believe that such evidence will be available at a later date; and

      d) the detention of the juvenile would be warranted.

   2) A juvenile may be detained for successive ten-day intervals if the delay is caused by the juvenile.  The court shall state on the record if failure to hold

the hearing resulted from delay caused by the juvenile.  Delay caused by the juvenile shall include, but not be limited to:

a)  delay caused by the unavailability of the juvenile or the juvenile's attorney;

b)  delay caused by any continuance granted at the request of the juvenile or the juvenile's attorney; or

c)  delay caused by the unavailability of a witness resulting from conduct by or on behalf of the juvenile.

**Comment**

If a juvenile is detained, the guardian should be notified immediately.  *See* Rules 220 (Procedure**[s]** in Cases Commenced by Arrest Without Warrant) and 313(B) (**[Taking into Custody] Detention** from Intake **– Notice to Guardian**) for notification of the guardian.

**Nothing in paragraph (C) is intended to preclude the use of stipulations or agreements among the parties, subject to court review and acceptance at the detention hearing.**

Under paragraph (D)(2), if the juvenile causes delay, the juvenile may continue to be held in detention.  The additional period of detention should not exceed ten days.  The court may continue such detention for successive ten-day intervals if the juvenile caused the delay.  The time restrictions of paragraph (D) apply to a juvenile who is placed in detention, even if previously released.

For time restrictions on detention for juveniles scheduled for a transfer hearing to criminal proceedings, see Rule 391.

For statutory provisions on detention, see 42 Pa.C.S. §§ 6325, 6331, 6335.  For the Juvenile Court Judges Commission's Detention Standards, see 37 Pa. Code § 200.101 *et seq*. (2003).

If a juvenile is detained, the juvenile is to be placed in a detention facility, which does not include a county jail or state prison. *See* Rule 120 and its *Comment* for definition of ''detention facility.''

**Official Note:**  Rule 240 adopted April 1, 2005, effective October 1, 2005.  Amended June 28, 2013, effective immediately.  **Amended May 16, 2017, effective July 1, 2017.**

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 240 published with the Court's Order at 35 Pa.B. 2214 (April 16, 2005). Final Report explaining the amendments to Rule 240 published with the Court's Order at 43 Pa.B. 3938 (July 13, 2013). **Final Report explaining the amendments to Rule 240 published with the Court's Order at      Pa.B.      (      , 2017).**

**Rule 242. Detention Hearing**

A. **Informing juvenile of rights.** Upon commencement of the hearing, the court shall:

   1) provide a copy of the written allegation to the juvenile and the juvenile's guardian, if present;

   2) inform the juvenile of the right to counsel and to retain private counsel or to be assigned counsel; and

   3) inform the juvenile of the right to remain silent with respect to any allegation of delinquency.

B. **Manner of hearing.**

   1) **Conduct.**

      a) The hearing shall be conducted in an informal but orderly manner.

      b) The attorney for the Commonwealth shall:

         i) attend the hearing; and

         ii) present such evidence as the Commonwealth deems necessary to support the written allegation and the need for detention.

   2) **Recording.** If requested by the juvenile or the Commonwealth, or if ordered by the court, the hearing shall be recorded by appropriate means. If not so recorded, full minutes of the hearing shall be kept.

   3) **Testimony and evidence.**

      a) All evidence helpful in determining the questions presented, including oral or written reports, may be received by the court and relied upon to the extent of its probative value even though not competent in the hearing on the petition.

      b) The juvenile's attorney and the attorney for the Commonwealth shall be afforded an opportunity to examine and controvert written reports so received.

   4) **Juvenile's rights.** The juvenile shall be present at the detention hearing and the juvenile's attorney may:

a) cross-examine witnesses offered against the juvenile; and

b) offer evidence or witnesses, if any, pertinent to the probable cause or detention determination.

5) **Advanced communication technology.** A court may utilize advanced communication technology pursuant to Rule 129 for a juvenile or a witness unless good cause is shown otherwise.

C. **Findings.** The court shall determine whether:

1) there is probable cause that a delinquent act was committed by the juvenile;

2) detention of the juvenile is warranted; and

3) there are any special needs of the juvenile that have been identified and that the court deems necessary to address while the juvenile is in detention.

D. **Filing of petition.** If a juvenile remains detained after the hearing, a petition shall be filed with the clerk of courts within twenty-four hours or the next court business day.

E. **Court's order.** At the conclusion of the detention hearing, the court shall enter a written order setting forth its findings pursuant to paragraph (C).

**Comment**

A detention hearing consists of two stages. The first stage of a detention hearing is a probable cause hearing. If probable cause is not found, the juvenile is to be released. If probable cause is found, then the court is to proceed to the second stage.

The second stage of a detention hearing is a detention determination hearing. The court should hear pertinent evidence concerning the detention status of the juvenile, review and consider all alternatives to secure detention, and determine if the detention of the juvenile is warranted.

An additional determination is required in paragraph (C)(3), although this is not a third stage of the detention hearing. It is important that the court address any special needs of the juvenile while the juvenile is in detention. The juvenile's attorney, the juvenile probation officer, or detention staff is to present any educational, health care, and disability needs to the court, if known at the time of the hearing. Special needs may include needs for special education, remedial services, health care, and disability. If the

court determines a juvenile is in need of an educational decision maker, the court is to appoint an educational decision maker pursuant to Rule 147.

When addressing the juvenile's needs concerning health care and disability, the court's order should address the right of: 1) a juvenile to receive timely and medically appropriate screenings and health care services, 55 Pa. Code § 3800.32 and 42 U.S.C. § 1396d(r); and 2) a juvenile with disabilities to receive necessary accommodations, 42 U.S.C. § 12132, 28 C.F.R. § 35.101 *et seq.*, Section 504 of the Rehabilitation Act of 1973, *as amended*, 29 U.S.C. § 794, and implementing regulations at 45 C.F.R. § 84.1 *et seq*.

Pursuant to the Juvenile Act, the court has authority to order a physical or mental examination of a juvenile and medical or surgical treatment of a minor, who is suffering from a serious physical condition or illness, which requires prompt treatment in the opinion of a physician. The court may order the treatment even if the guardians have not been given notice of the pending hearing, are not available, or without good cause inform the court that they do not consent to the treatment. 42 Pa.C.S. § 6339(b).

The procedures of paragraph (D) deviate from the procedures of the Juvenile Act. *See* 42 Pa.C.S. § 6331. Under paragraph (D), a petition does not have to be filed within twenty-four hours of the juvenile's detention; rather, the petition should be filed within twenty-four hours of the conclusion of the detention hearing if the juvenile is detained. *See* Rule 800**(11)**. If the juvenile is not detained, a petition may be filed at any time prior to the adjudicatory hearing. However, the juvenile's attorney should have sufficient notice of the allegations prior to the adjudicatory hearing to prepare for the defense of the juvenile. *See* Rule 330 for petition requirements, Rule 331 for service of the petition, and Rule 363 for time of service.

The victim may be present at the hearing. *See* Rule 132 and 18 P.S. § 11.201 *et seq*. Any persons may be subpoenaed to appear for the hearing. *See* Rule 123 and 42 Pa.C.S. § 6333. However, nothing in these rules requires the attendance of the victim unless subpoenaed. If the victim is not present, the victim is to be notified of the final outcome of the proceeding. *See* Victim's Bill of Rights, 18 P.S. § 11.201 *et seq*.

*See* 42 Pa.C.S. §§ 6332, 6336, and 6338 for the statutory provisions concerning informal hearings and other basic rights.

**Official Note:** Rule 242 adopted April 1, 2005, effective October 1, 2005. Amended April 21, 2011, effective July 1, 2011. Amended April 29, 2011, effective July 1, 2011. Amended May 26, 2011, effective July 1, 2011. Amended July 18, 2012, effective October 1, 2012. Amended February 6, 2017, effective April 1, 2017. **Amended May 16, 2017, effective July 1, 2017.**

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 242 published with the Court's Order at 35 Pa.B. 2214 (April 16, 2005).  Final Report explaining the amendments to Rule 242 published with the Court's Order at 41 Pa.B. 2319 (May 7, 2011).  Final Report explaining the amendments to Rule 242 published with the Court's Order at 41 Pa.B. 2413 (May 14, 2011).  Final Report explaining the amendments to Rule 242 published with the Court's Order at 41 Pa.B. 3180 (June 25, 2011).  Final Report explaining the amendments to Rule 242 published with the Court's Order at 42 Pa.B. 4909 (August 4, 2012).  Final Report explaining the amendments to Rule 242 published with the Court's Order at **47** Pa.B. **941**(**February 18**, 2017).  **Final Report explaining the amendments to Rule 242 published with the Court's Order at __ Pa.B. __(__ __, 2017).**

**Rule 1242.  Shelter Care Hearing**

A. **Informing of rights.**  Upon commencement of the hearing, the court shall ensure that:

   1)  a copy of the shelter care application is provided to the parties; and

   2)  all parties are informed of the right to counsel.

B. **Manner of hearing.**

   1)  **Conduct.**  The hearing shall be conducted in an informal but orderly manner.

   2)  **Recording.**   If requested, or if ordered by the court, the hearing shall be recorded by appropriate means. If not so recorded, full minutes of the hearing shall be kept.

   3)  **Testimony and evidence.**  All evidence helpful in determining the questions presented, including oral or written reports, may be received by the court and relied upon to the extent of its probative value even though not competent in the hearing on the petition.   The child's attorney, the guardian, if unrepresented, and the attorney for the guardian shall be afforded an opportunity to examine and controvert written reports so received.

   4)  **Advanced communication technology.**  Upon good cause shown, a court may utilize advanced communication technology pursuant to Rule 1129.

C. **Findings.**  The court shall determine whether:

   1) there are sufficient facts in support of the shelter care application;

   2) the county agency has reasonably engaged in family finding;

   3) custody of the child is warranted after consideration of the following factors:

   a)  remaining in the home would be contrary to the welfare and best interests of the child;

   b)  reasonable efforts were made by the county agency to prevent the child's placement;

   c)  the child's placement is the least restrictive placement that meets the needs of the child, supported by reasons why there are no less restrictive alternatives available; and

d) the lack of efforts was reasonable in the case of an emergency placement where services were not offered;

4) a person, other than the county agency, submitting a shelter care application, is a party to the proceedings; and

5) there are any special needs of the child that have been identified and that the court deems necessary to address while the child is in shelter care.

D. **Prompt hearing.** The court shall conduct a hearing within seventy-two hours of taking the child into protective custody. **The parties shall not be permitted to waive the shelter care hearing.**

E. **Court order.** At the conclusion of the shelter care hearing, the court shall enter a written order setting forth:

1) its findings pursuant to paragraph (C);

2) any conditions placed upon any party;

3) any orders regarding family finding pursuant to Rule 1149;

4) any orders for placement or temporary care of the child;

5) any findings or orders necessary to ensure the stability and appropriateness of the child's education, and when appropriate, the court shall appoint an educational decision maker pursuant to Rule 1147;

6) any findings or orders necessary to identify, monitor, and address the child's needs concerning health care and disability, if any, and if parental consent cannot be obtained, authorize evaluations and treatment needed; and

7) any orders of visitation.

## Comment

Pursuant to paragraph (B)(4), it is expected that the parties be present. Only upon good cause shown should advanced communication technology be utilized.

Pursuant to paragraph (C), the court is to make a determination that the evidence presented with the shelter care application under Rule 1240 is supported by sufficient facts. After this determination, the court is to determine whether the custody of the child is warranted by requiring a finding that: 1) remaining in the home would be contrary to the health and welfare of the child; 2) reasonable efforts were made by the county

agency to prevent the placement of the child; 3) the child was placed in the least restrictive placement available; and 4) if the child was taken into emergency placement without services being offered, the lack of efforts by the county agency was reasonable. Additionally, the court is to state the reasons why there are no less restrictive alternatives available.

Family finding is to be initiated prior to the shelter care hearing. *See* Comment to Rule 1149 as to level of reasonableness.

Pursuant to paragraph (C)(2), the court is to make a determination whether the county agency has reasonably engaged or is to engage in family finding in the case. The county agency will be required to report its diligent family finding efforts at subsequent hearings. *See* Rule 1149 for requirements of family finding. *See also* Rules 1408(2), 1512(D)(1)(h), 1514(A)(4), 1608(D)(1)(h), and 1610(D) and their Comments for the court's findings as to the county agency's satisfaction of the family finding requirements and Rules 1210(D), 1409(C) and 1609(D) and Comments to Rules 1408, 1409, 1512, 1514, 1515, 1608, 1609, 1610, and 1611 on the court's orders.

Pursuant to paragraph (C)(4), the court is to determine whether or not a person is a proper party to the proceedings. Regardless of the court's findings on the party status, the court is to determine if the application is supported by sufficient evidence.

Under paragraph (D), the court is to ensure a timely hearing. **Nothing in paragraph (D) is intended to preclude the use of stipulations or agreements among the parties, subject to court review and acceptance at the shelter care hearing.**

*See* 42 Pa.C.S. § 6332.

Pursuant to paragraph (E), the court is to enter a written order. It is important that the court address any special needs of the child while the child is in shelter care. The child's attorney or the county agency is to present any educational, health care, and disability needs to the court, if known at the time of the hearing. These needs may include a child's educational stability, needs concerning early intervention, remedial services, health care, and disability. If the court determines a child is in need of an educational decision maker, the court is to appoint an educational decision maker pursuant to Rule 1147.

The court's order should address the child's educational stability, including the right to an educational decision maker. The order should address the child's right to: 1) educational stability, including the right to: a) remain in the same school regardless of a change in placement when it is in the child's best interest; b) immediate enrollment when a school change is in the child's best interest; and c) have school proximity

considered in all placement changes, 42 U.S.C. §§ 675(1)(G) and 11431 *et seq.*; 2) an educational decision maker pursuant to Rule 1147, 42 Pa.C.S. § 6301, 20 U.S.C. § 1439(a)(5), and 34 C.F.R. § 300.519; 3) an appropriate education, including any necessary special education, early intervention, or remedial services pursuant to 24 P.S. §§ 13-1371 and 13-1372, 55 Pa. Code § 3130.87, and 20 U.S.C. § 1400 *et seq.*; 4) the educational services necessary to support the child's transition to independent living pursuant to 42 Pa.C.S. § 6351 if the child is sixteen or older ; and 5) a transition plan that addresses the child's educational needs pursuant to 42 U.S.C. § 675(5)(H) if the child will age out of care within ninety days.

When addressing the child's health and disability needs, the court's order should address the right of: 1) a child to receive timely and medically appropriate screenings and health care services, 55 Pa. Code § 3800.32 and 42 U.S.C. § 1396d(r); and 2) a child with disabilities to receive necessary accommodations, 42 U.S.C. § 12132, 28 C.F.R. § 35.101 *et seq.*, Section 504 of the Rehabilitation Act of 1973, *as amended*, 29 U.S.C. § 794, and implementing regulations at 45 C.F.R. § 84.1 *et seq*.

Pursuant to the Juvenile Act, the court has authority to order a physical or mental examination of a child and medical or surgical treatment of a minor, who is suffering from a serious physical condition or illness which requires prompt treatment in the opinion of a physician. The court may order the treatment even if the guardians have not been given notice of the pending hearing, are not available, or without good cause inform the court that they do not consent to the treatment.  42 Pa.C.S. § 6339(b).

Nothing in this rule prohibits informal conferences, narrowing of issues, if necessary, and the court making appropriate orders to expedite the case **[through court]**.  The shelter care hearing may be used as a vehicle to discuss the matters needed and narrow the issues.  The court is to **[insure]** <u>ensure</u> a timely adjudicatory hearing is held.

*See* 42 Pa.C.S. § 6339 for orders of physical and mental examinations and treatment.

*See* Rule 1330(A) for filing of a petition.

**Official Note:**  Rule 1242 adopted August 21, 2006, effective February 1, 2007. Amended April 21, 2011, effective July 1, 2011.  Amended April 29, 2011, effective July 1, 2011. Amended July 13, 2015, effective October 1, 2015.  **<u>Amended May 16, 2017, effective July 1, 2017.</u>**

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 1242 published with the Court's Order at 36 Pa.B. 5571 (September 2, 2006).  Final Report explaining the amendments to Rule 1242 published with the Court's Order at 41 Pa.B. 2319 (May 7, 2011).  Final Report explaining the amendments to Rule 1242 published with the Court's Order at 41 Pa.B. 2413 (May 14, 2011).  Final Report explaining the amendments to Rule 1242 published with the Court's Order at 45 Pa.B. 3987 (July 25, 2015).  **Final Report explaining the amendments to Rule 1242 published with the Court's Order at __ Pa.B.        (        , 2017).**